In the Matter of the Claim of ANDREW P. STURGEON, Respondent, against DELAWARE AND HUDSON RAILROAD CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant sustained an industrial accident in the nature of an incomplete left inguinal hernia, for which he received surgical treatment. After he left the hospital he noticed some atrophy and weakness in the muscle of his left hand and numbness in the ulnar nerve side of the hand. Claimant, in a history given to one physician, attributed this to a puncture made in the left arm for the purpose of drawing blood. There is medical opinion which associates this condition with his course of treatment at the hospital for the industrial accident. Claimant testified he had no such symptoms before his operation. One physician diagnosed it as a porosis of the left ulnar nerve as " a result of having been put to bed following operation * * * a complication of the post-operative course ". This physician felt that the numbness of which he said claimant complained to him while in the hospital was due to his confinement in bed and that this condition sometimes is seen in bed patients who raise themselves on their elbows. A neurologist retained by the employer expressed the opinion claimant suffered " a mild traumatic postoperative ulnar nerve palsy "; but that there was no " connection whatsoever " between this condition and the disease from which patient was suffering, which he diagnosed as primary progressive muscular atrophy (amyotrophic lateral sclerosis). These and other differences in the opinions of physicians led the board to refer the case to an impartial specialist in neurosurgery who reported that he diagnosed the condition as " a disease which is similar to amyotrophic lateral sclerosis ". In his testimony following this report the impartial specialist said claimant had attributed the numbness in his left arm and hand to the vena puncture. While he agreed with other medical opinions expressed in the case that there was no association between amyotrophic lateral sclerosis and trauma, he stated he was unable to agree or disagree with the diagnosis that this was actually the condition from which claimant was suffering. In answer to a direct question on this subject he said: " Well, I can't agree, because I don't know what is wrong with him." This physician added, however, that he had never seen a case of amyotrophic lateral sclerosis in which the sclerosis has progressed so slowly, and " it is perfectly possible that a transient ulnar weakness could follow an operation ". The case was then referred to the chief medical examiner of the Workmen's Compensation Board, who examined the file, reviewed medical reports, testimony and records in the case and who reported that in his view there was a causal relationship between either withdrawing blood from the left arm or the spinal anesthesia for the operation. We think that from this controversy there arises a fair issue of fact on the disputed medical question in the record. The appellant was not unduly limited in cross-examination of the chief medical examiner. It was proper to explore the physician's opinion of the medical question, but whether a physician should be forced against his own objection to state whether he " agrees " or " disagrees " with another physician, if not actually an improper question, is one which it is not error as a matter of law to exclude. The question which led to this statement by the witness

was argumentative in form and inquired whether he wished "to take issue" with the expressions of the impartial specialist; to which the medical examiner answered "I think it is up to whoever reads the record to decide". This was followed by the comment of counsel that "I don't think that is a fair answer. * * * Do you agree with him or disagree with him?". The witness answered "I am not here to agree or disagree with any other physician". The subject matter of inquiry or of his own medical opinion was not limited; and we see no ground to reverse the board because the referee excluded questions in this form. Whether the board should send the case to another impartial specialist was here a wholly discretionary matter. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.